## JAMES PITTS & others *vs.* THE LANCASTER MILLS.

A., the owner of land and mills on a stream above the land and more ancient mill of B., on the same stream, raised his mill dam higher than it formerly was, and kept back the water as long as was necessary to fill his mill pond, and no longer, whereby B.'s mill was temporarily stopped. *Held*, that this was not an unreasonable use of the stream by A., and that B. had no cause of action against him.

THIS was an action of trespass upon the case: and the declaration alleged that Samuel Carter was seized and possessed

of a close, water mill, ancient dam, and the water privileges thereto appertaining, situate on the north branch of Nashua River, in Lancaster, and the right of having the whole water of said stream flow, without obstruction, for the benefit of said mill, and of having the uninterrupted use and occupation of said mill and privileges; and that said Carter, being so seized and possessed, leased the said premises, for a term of years, to Hiram Pitts, who underlet the same to the plaintiffs; that the defendants, a corporation established by *St.* 1844, *c.* 20, in the months of June and July 1845, wrongfully built and raised, above its usual height, their dam, situate across said stream, above the mill, dam and privilege occupied by the plaintiffs, and thereby hindered the water from flowing in its usual course, and thereby, for the space of two days during the said month of June, and four days during said month of July, wholly cut off the water from the plaintiffs' mill, &c.

The case was submitted to the court upon the following agreed statement of facts : " The plaintiffs are the lessees of said mill, dam and privileges, as alleged in their declaration. The defendants were the owners of a privilege on said stream, above the mill of the plaintiffs, whereon a mill had stood for some years; they erected a new mill thereon, and, for the purpose of using the whole power, raised the dam higher than it had formerly been, and kept the water back, so long as was necessary to fill their pond, and no longer.   To have delayed filling said pond, until a freshet or flow of water should have raised the same, would have endangered said dam ; and by keeping the water back, as aforesaid, the operations of the plaintiffs' mill were retarded or wholly suspended."

The parties agreed that if, upon the facts above stated, the action could be maintained, damages should be assessed by an auditor ; otherwise, that a nonsuit should be entered.

*F. H. Dewey,* for the plaintiffs.   As the defendants' privilege is a recent one, and the plaintiffs' an ancient one, the defendants had no right to withhold the water, nor to raise their

dam. *Hodges* v. *Raymond,* 9 Mass. 316. *Sumner* v. *Tileston.* 7 Pick. 198. *Sackrider* v. *Beers,* 10 Johns. 241. *Mer ritt* v. *Brinkerhoff,* 17 Johns. 306. *Buddington* v. *Bradley,* 10 Connect. 213.

Any impediment of the stream, by the defendants' dam, whereby the plaintiffs' profits are diminished, is actionable. Angell on Watercourses, (3d ed.) 94 – 98, and American cases there cited. *Brown* v. *Best,* 1 Wils. 174. *Saunders* v *Newman,* 1 Barn. & Ald. 258. *Bealey* v. *Shaw,* 6 East, 214. *Thompson* v. *Crocker,* 9 Pick. 59.

*C. Allen,* for the defendants. The plaintiffs' action, and the argument in support of it, proceed on the unwarranted assumption that they have an absolute, instead of a qualified, right to the use of the water that flows over their premises. They have a right only to such a use as is consistent with a reasonable use by others; and the defendants have not deprived them of such use. *Palmer* v. *Mulligan,* 3 Caines, 307. *Tyler* v. *Wilkinson,* 4 Mason, 401. *Boynton* v. *Rees,* 9 Pick. 528. *Cary* v. *Daniels,* 8 Met. 476, 477. Angell on Watercourses, (3d ed.) 20.

SHAW, C. J. Every proprietor of land, through which a current of water flows, has a right to the use of it on his own and, amongst other things for mill purposes, making such reasonable use of it, and of the mill power furnished by it, as he can make consistently with a like reasonable use by other proprietors, above and below, through whose land it passes. What is a reasonable use must depend on circumstances; such as the width and depth of the bed, the volume of water, the fall, previous usage, and the state of improvement in manufactories and the useful arts. 8 Met. 476.

It appears by the facts stated in this case, that the defendants were proprietors of land and mills above those of the plaintiffs on the same stream ; that having erected a new dam, which they had a right to do, they detained the water no longer than was necessary to raise their own head of water and fill their own pond. The court are of opinion that

this was not an unreasonable use of the watercourse by the defendants, and that any loss, which the plaintiffs temporarily sustained by it, was *damnum absque injuria.*

*Plaintiffs nonsuit.*